UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RICKY ELSON RUDDER,<br>　　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, et al.,<br>　　　　　Defendants. | Case No. 18-cv-06599-EMC<br><br>**ORDER DISMISSING COMPLAINT**<br>Docket No. 1 |

　　　　Previously, Judge Spero granted Plaintiff's application to proceed in forma paupers but explicitly deferred the issue as to whether a summons should issue and Plaintiff's complaint be served until after judicial review pursuant to 28 U.S.C. § 1915(e). *See* Docket No. 4 (order); 28 U.S.C. § 1915(e)(2) (providing that a court "shall dismiss the case" if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). Plaintiff's case was then reassigned to this Court because Plaintiff sought a temporary restraining order against Defendants. *See* Pet. at 5-6 (asking that the Court issue an injunction to bar certain real property from being "sold at auction by Wells Fargo on 11/27/2018 as there is sufficient money within the insurance policy to cover what is owed to Wells Fargo").

　　　　Having reviewed the papers submitted and all other evidence of record, the Court hereby **DISMISSES** Plaintiff's complaint.

　　　　First, Plaintiff has failed to show that this Court has subject matter jurisdiction over the action. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (noting that "[f]ederal courts have limited jurisdiction, and limitations on the court's jurisdiction must

neither be disregarded nor evaded[;] [t]he Court is obligated to determine sua sponte whether it has subject matter jurisdiction"). Plaintiff's petition reflects that there is no diversity jurisdiction. *See* 28 U.S.C. § 1332 (providing that a district court has jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States"). Diversity jurisdiction requires "complete diversity between the parties – [*i.e.*,] each defendant must be a citizen of a different state from each plaintiff," *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) – but both Plaintiff and one defendant appear to be citizens of Florida. *See* Pet. ¶¶ 1, 7. Also, based on Plaintiff's petition, the Court can divine no federal claim to support federal question jurisdiction. *See* 28 U.S.C. § 1331 (providing that a district court has jurisdiction of a civil action "arising under the Constitution, laws, or treaties of the United States").

Second, Plaintiff has failed to show that venue is proper in this District. Although Plaintiff has alleged that Wells Fargo resides in California, there is no allegation that the other defendants do. *See* Pet. ¶¶ 5-7; 28 U.S.C. § 1391(b)(1) (providing that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). Also, it does not appear that "a substantial part of the events or omissions giving rise to the claim" took place in this District or that "a substantial part of property that is the subject of the action is situated" in this District. *Id.* § 1391(b)(2). The subject property appears to be in Florida. Finally, Plaintiff has not established that "there is no district in which an action may otherwise be brought." *Id.* § 1391(b)(3).

For the foregoing reasons, the Court dismisses Plaintiff's complaint. However, the Court shall give Plaintiff an opportunity to amend his complaint if he can, in good faith, make factual allegations to support subject matter jurisdiction and venue. In the amended complaint, Plaintiff should also clarify what legal claims are being asserted against Defendants based on the underlying factual allegations. Because it appears that the real property at issue is to be sold on November 27, 2018, the Court orders Plaintiff to file his amended complaint by **November 12, 2018**. If no amended complaint is filed by that date, then the Clerk of the Court shall automatically dismiss this action with prejudice and close the file in the case.

The Court notes that, although it is allowing Plaintiff to file an amended complaint in this Court, he may wish to consider bringing an action before a Florida court instead of this Court.[1] Even if Plaintiff can plead, in an amended complaint, factual allegations to support subject matter jurisdiction and venue, Plaintiff's petition suggests that a more appropriate forum is a Florida court, particularly as that is where the real property at issue is located and that is where Plaintiff resides.

This order disposes of Docket No. 1.

**IT IS SO ORDERED**.

Dated: November 1, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court expresses no opinion as to whether the action should be brought before a federal court or a state court.

3